1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL DIXON LEWIS,                    Case No. 1:23-cv-01715-CDB (PC)

12              Plaintiff,               **FINDINGS AND RECOMMENDATIONS
                                         TO DENY PLAINTIFF'S APPLICATION**
13        v.                             **TO PROCEED *IN FORMA PAUPERIS***

14   B. PHILLIP, *et al*.                (Doc. 2)

15              Defendants.              **14-DAY OBJECTION PERIOD**

16                                       Clerk of the Court to Assign District Judge

17

18        Plaintiff Paul Dixon Lewis ("Plaintiff") is a state prisoner proceeding pro se in this civil

19   rights action filed under 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff filed the instant action on

20   December 14, 2023, along with a motion to proceed *in forma pauperis*.  (Docs. 1-2).

21   **Discussion**

22        The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous

23   prisoner complaints and appeals."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).

24   Pursuant to the PLRA, the *in forma pauperis* statue was amended to include section 1915(g), a

25   non-merits related screening device which precludes prisoners with three or more "strikes" from

26   proceeding *in forma pauperis* unless they are under imminent danger of serious physical injury.

27   28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute

28   provides that "[i]n no event shall a prisoner bring a civil action ... under this section if the prisoner

1    has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

2    or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

3    malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

4    imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

5         In determining whether a case counts as a "strike," "the reviewing court looks to the

6    dismissing court's action and the reasons underlying it…. This means that the procedural

7    mechanism or Rule by which the dismissal is accomplished, while informative, is not

8    dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

9         A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g)

10   and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the

11   complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial

12   notice[1] of the following United States District Court cases: (1) *Lewis v. Baker, et al*., No. 2:19-cv-

13   01460-KJM-EFB (E.D. Cal.) (dismissed on January 15, 2020, for failure to state a claim and

14   failure to file an amended complaint); (2) *Lewis v. Clark, et al.*, No. 1:20-cv-00120-DAD-JDP

15   (E.D. Cal.) (prisoner action dismissed on March 20, 2020, under the favorable-termination rule of

16   *Heck v. Humphrey*); and (3) *Lewis v. Moss, et al.*, No. 2:19-cv-01970-TLN-EFB (E.D. Cal.)

17   (prisoner action dismissed on July 8, 2020, under the favorable termination rule of *Heck*).

18        A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g).

19   *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011).  Further, a

20   prisoner's claim dismissed as *Heck* barred constitutes a strike where the *Heck* prohibition is

21   "facially obvious."  *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).  Here, the undersigned has

22   reviewed Plaintiff's two *Heck* barred actions cited above (*Clark* and *Moss*) and concludes those

23   dismissals clearly implicated *Heck*, and, hence, likewise constitute strikes under the PLRA.  In

24   particular, Plaintiff was incarcerated at the time he filed both actions and raised similar claims in

25   each (to wit, that he was suffering from "illegal incarceration" and an illegal sentence).  *See Ray*,

26   31 F.4th at 698.

27

28        [1] Judicial notice may be taken of court records.  *United States v. Wilson*, 631 F.2d 118,
     119 (9th Cir. 1980).

1      The issue now becomes whether Plaintiff has met the imminent danger exception, which

2 requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and

3 which turns on the conditions he faced at the time he filed his complaint on December 14, 2023

4 (with application of the mailbox rule).  *Andrews v. Cervantes*, 493 F.3d 1047, 1053-56 (9th Cir.

5 2007).  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial,

6 as are any subsequent conditions.  *Id*. at 1053.  While the inquiry is merely procedural rather than

7 a merits-based review of the claims, the allegations of imminent danger must still be plausible.

8 *Id*. at 1055.  Here, Plaintiff has not alleged any imminent danger of serious physical injury at the

9 time he filed his complaint.  *See generally* (Doc. 1).  Therefore, Plaintiff does not establish an

10 exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding *in forma*

11 *pauperis* in this action.

12 **Conclusion and Recommendation**

13      Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

14 District Judge to this action.

15      Further, IT IS HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g),

16 Plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the $405.00

17 filing fee in full if he wishes to proceed with this action.

18      These Findings and Recommendations will be submitted to the United States District

19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

20 after being served with these Findings and Recommendations, Plaintiff may file written

21 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

22 Findings and Recommendations.".  Plaintiff is advised that failure to file objections within the

23 specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

24 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

25 IT IS SO ORDERED.

26    Dated:   **December 22, 2023**               _____

27                                         UNITED STATES MAGISTRATE JUDGE

28